UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE
COURT FILE NO: CV-

| | | |
|---|---|---|
| KIMBERLY B. GALLAGHER, | ) | |
|     Plaintiff | ) | |
| v. | ) | COMPLAINT |
| | ) | |
| CAVALRY SPV I, LLC, | ) | |
| PEROUTKA, MILLER, KLIMA | ) | |
| & PETERS, P.A., WHITEHEAD | ) | |
| LAW, LLC and ANDREW A. | ) | |
| WHITEHEAD, ESQ. | ) | JURY TRIAL DEMANDED |
|     Defendants | ) | |
| | ) | |

## COMPLAINT

### I. JURISDICTION AND VENUE

1. Jurisdiction arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 *U.S.C.* § 1692 *et seq.* (15 *U.S.C.* § 1692k(d)); and 28 *U.S.C.* § 1367 for pendent state law claims.

2. CAVALRY SPVI, LLC (hereinafter "Cavalry") is a Delaware limited liability corporation subject to personal jurisdiction in the State. PEROUTKA, MILLER, KLIMA & PETERS, P.A. (hereinafter "Peroutka") is a Maryland professional association subject to personal jurisdiction in the State pursuant to 10 *Del. C.* § 3104(c)(1)-(4). WHITEHEAD LAW, LLC (hereinafter "Whitehead LLC") is a Delaware limited liability corporation subject to personal jurisdiction in this state. ANDREW A WHITEHEAD, ESQ. (hereinafter "Whitehead, Esq.") is a Delaware licensed attorney practicing in the State of Delaware and is subject to personal jurisdiction in this state.

3. Venue is proper in this District under 13 *U.S.C.* § 1391(b)(1) or (b)(2), because a substantial portion of the acts giving rise to this litigation occurred within this District.

## II. PARTIES

4. Plaintiff is a natural person residing in Newark, DE 19711 and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes, in this case, a credit card, that is therefore a "debt" as that term is defined by 15 *U.S.C.* § 1692a(5).

6. Defendant Cavalry is upon information and belief, is a Delaware limited liability company which identifies its principle place of business as 500 Summit Lake Drive, Suite 400, Valhalla, New York 10595 and is subject to service of process in Delaware through its agent, Corporation Trust Center, located at 1209 S. Orange St., Wilmington, DE 19801, and who at all times relevant herein, operated as a collection agency, and is a "debt collector" as the term is defined by 15 *U.S.C.* § 1692a(6), and acted by and through its owners, managers, officers, shareholders, authorized representatives, partners, employees, agents, attorneys and/or workmen and by, through and, on behalf of each other.

7. Cavalry, at all times relevant hereto, used an instrumentality of interstate commerce or the mails in a business the principal purpose of which was the collection of debts, and regularly collected or attempted to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

8. Defendant Peroutka upon information and belief is a foreign professional association with its principal place of business located at 8028 Ritchie Highway, Suite 300, Pasadena, MD 21122; and is subject to service of process through the Delaware Secretary of State, Division of Corporations, John G. Townsend Bldg., 401 Federal St., Suite 4, Dover, DE 19901, and who at all times relevant herein, operated as a collection agency, and is a "debt collector" as

the term is defined by 15 *U.S.C.* § 1692a(6), and acted by and through its owners, managers, officers, shareholders, authorized representatives, partners, employees, agents, attorneys and/or workmen and by, through and, on behalf of each other.

9. Peroutka, at all times relevant hereto, used an instrumentality of interstate commerce or the mails in a business the principal purpose of which was the collection of debts, and regularly collected or attempted to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

10. Defendant Whitehead, LLC upon information and belief is a Delaware limited liability company which identifies its principle place of business 5 West Market St., Georgetown, Delaware, 19947, and is subject to service of process in Delaware through its agent, Andrew A. Whitehead, 5 West Market St., Georgetown, DE 19947, and who at all times relevant herein, operated as a collection agency, and is a "debt collector" as the term is defined by 15 *U.S.C.* § 1692a(6), and acted by and through its owners, managers, officers, shareholders, authorized representatives, partners, employees, agents, attorneys and/or workmen and by, through and, on behalf of each other.

11. Whitehead LLC at all times relevant hereto, used an instrumentality of interstate commerce or the mails in a business the principal purpose of which was the collection of debts, and regularly collected or attempted to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

12. Defendant Whitehead, Esq. upon information and belief is a Delaware attorney who identifies as his principle place of business 5 West Market St., Georgetown, Delaware, 19947, and is subject to service of process in Delaware at his place of abode and/or at his principal place of business at 5 West Market St., Georgetown, DE 19947, and who at all times relevant herein,

operated as a collection agency, and is a "debt collector" as the term is defined by 15 *U.S.C.* § 1692a(6), and acted by and through its owners, managers, officers, shareholders, authorized representatives, partners, employees, agents, attorneys and/or workmen and by, through and, on behalf of each other.

13. Whitehead Esq. at all times relevant hereto, used an instrumentality of interstate commerce or the mails in a business the principal purpose of which was the collection of debts, and regularly collected or attempted to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

### III.
### FACTUAL ALLEGATIONS

**Procedural History Regarding *Cavalry SPV I, LLC v. Kimberly Gallagher***

14. On or about May 12, 2015, by and through its counsel, Peroutka, the Whitehead Defendants and Defendant Cavalry, as an assignee of Citibank, filed a complaint ("JP Action") against Plaintiff in the Justice of the Peace Court in New Castle County, Delaware, in which Defendant Cavalry "demanded payment for the outstanding balance of monies" allegedly owed regarding a Citibank credit card account (hereinafter the "debt"). (See Compl. filed May 12, 2015 for *Cavalry SPV I, LLC v. Kimberly Gallagher* C.A. No. JP9-15-000805, (Del. J.P. Ct. No. 9 2015) (attached hereto as Exhibit "A").

15. On July 1, 2015, a certified letter containing the service of process was returned to the J.P. Court "unclaimed", because Defendant Cavalry requested court service for the complaint via certified mail to an address at which Plaintiff had not resided in over 2 years.

16. On December 17, 2015, Defendant Cavalry filed a statement of Plaintiff in Support of Default Judgment (attached hereto as Exhibit "B"). This notarized form affidavit stated that the debt action was for:

> A claim based upon Defendant's written promise to pay the amount claimed below.
>
> (Attach document containing the promise to pay.)

*Id.* No written promise to pay appears on the J.P. Court record, and Cavalry did not have a written promise to pay at the time it filed the lawsuit, despite the fact that Cavalry requested the entry of default judgment against Ms. Gallagher on that basis.

17. On January 20, 2016, the J.P. Court entered a Notice of Default Judgment (attached as Exhibit "C"), which stated that because Ms. Gallagher, "after receiving proper service of process, ha[s] failed to timely file an answer or appear for a scheduled trial, **and [Cavalry] ha[s] filed an affidavit in support of a default judgment**, the Court pursuant to J.P. Civil Rule 55 has entered a judgment by default . . . ." *Id.* (emphasis added).

18. Defendant reported the entry of default Judgment on Ms. Gallagher's credit report, even though Defendant had no documents to support the lawsuit, let alone to support a request for entry of default judgment with J.P. Court. Ms. Gallagher is a financial officer and a judgment on her credit report could put her job at risk.

19. On or about January 31, 2016, Plaintiff became aware of this action when she serendipitously received Notice of Default Judgment dated January 20, 2016. On this date, Plaintiff was officially on notice of Cavalry's attempt to collect the debt, which constitutes a "communication" as defined by 15 U.S.C. § 1692a.

20. On February 3, 2016, through her counsel, Ms. Gallagher filed a Motion to Vacate the Default Judgment, and a hearing on the Motion was scheduled for March 15, 2016.

21. Prior to the March 15, hearing on the Motion to Vacate, Attorney Whitehead called counsel for Ms. Gallagher and asked if Ms. Gallagher would settle the matter. Attorney Whitehead was informed that Ms. Gallagher would not settle, but wanted the Judgment vacated and a date set

5

for trial. As a result, Ms. Gallagher would appear at the hearing on the Motion to Vacate if the Motion was opposed.

22. Although Attorney Whitehead did not oppose the Motion to Vacate, and knew that Cavalry did not have the documentation to support entry of default judgment, he did not inform Ms. Gallagher's counsel that the Motion would not be opposed. As a result, Ms. Gallagher took off a day from work to attend the hearing on the Motion with her counsel, who also took the time to drive to and appear at the hearing on the Motion.

23. On March 15, Ms. Gallagher and counsel appeared for the hearing on the Motion to Vacate the Default Judgment. Before counsel and Ms. Gallagher were allowed to appear before the Court on Ms. Gallagher's Motion, another settlement conference was required with Mr. Whitehead. Ms. Gallagher and her counsel were pulled into a conference room by Mr. Whitehead. Ms. Gallagher was again asked if she would settle the matter in spite of the fact that counsel had already informed him that she did not wish to settle.

24. When it became clear that Ms. Gallagher did not want to settle the matter before the Motion to Vacate was heard, the parties were ushered into J.P. Court for a hearing on the Motion to Vacate, whereupon Mr. Whitehead informed the Court that Cavalry did not oppose the Motion. As a result, the Court vacated the default judgment and set the matter for trial. There had been no need for Ms. Gallagher and her counsel to appear, other than the fact that Cavalry wanted another shot at settling a debt they had no right to sue upon. The hearing on the Motion to Vacate was unnecessary as Mr. Whitehead could have beforehand informed the Court that the Motion was unopposed.

25. On March 17, 2016, Ms. Gallagher filed her Answer in the debt action and demanded a bill of particulars. Pursuant to J.P. Ct. Civ. R. 26(a)(b),

6

> [T]he Defendant may elect . . . to demand from the plaintiff a bill of particulars. . . . A bill of particulars . . . shall state specifically the date, time, and place the contract was agreed upon, the subject matter of the contract, what breach or violation of the contract occurred, the amount of damages suffered because of the breach or violation, and how those damages were determined.

*Id.*

26. On April 21, counsel for Ms. Gallagher informed Mr. Sean Daly, an agent of the Peroutka Defendant that the Demand for a Bill of Particulars was outstanding. Mr. Daly noted that he did not have the documents to satisfy the demand, but would confer with the alleged creditor, Citibank, to see if documentation of the alleged debt existed and if documents could be obtained.

27. On April 5, 2016, the undersigned counsel sent an email to Mr. Whitehead inquiring if his client, Cavalry, needed additional time to respond to the bill of particulars, because Ms. Gallagher had not yet received a response to her demand, and Mr. Daly had expressed that he did not have any documentation on April 1, 2016.

28. Although Mr. Whitehead did not respond to counsel's April 5, email, on April 7, 2016, counsel for Cavalry filed a Notice of Dismissal of the JP Court action with prejudice, and the matter was dismissed.

### Substantive History Regarding *Cavalry SPV I, LLC v. Kimberly Gallagher*

29. Cavalry filed their consumer debt action as an assignee of the original creditor Citibank, to collect payment in the amount of $6.687.35 and $40.00 in Court Costs from Plaintiff. (*See* Exh. "A")

30. Consumer debt actions in Delaware are governed by clear guidelines regarding an assignee's standing to bring suit. With particular relevance to this matter, Cavalry was required to set fort the alleged debt's full chain of title, and Defendant had the burden to prove assignment of Plaintiff's account from Citibank to Cavalry. *See Midland Funding LLC v. Graves*, 2016 Del.

Super. LEXIS 154 (Del. Super. Ct. Apr. 7, 2016) at *11 (attached hereto as Exhibit "C") (holding that for plaintiff to prevail in a debt action evidentiary rules require that where an assignment refers to an exhibit or electronic file evidencing the accounts, there must be "direct documentation that [the] account was one of the accounts . . . sold").

31. Just like in the *Midland Funding, LLC v. Graves* case, here, in an attempt to establish the assignment, Cavalry presented a Bill of Sale and Assignment from February 24, 2015 as part of its case-in-chief, which provides, in relevant part:

> For value and subject to the terms and conditions of the Purchase and Sale Agreement dated February 20, 2015, between Buyer and the Bank (the "Agreement"), [Citibank] does hereby transfer, sell, assign, convey, grant, bargain, set over and deliver to [Defendant], and to [Defendant]'s successors and assigns, **the Accounts described in Exhibit 1 and the final electronic file.**

(See Exh. "A")(emphasis supplied).

32. Cavalry never provided proof that Ms. Gallagher's account was one of the "Accounts described in Exhibit 1". *Id.* The above-referenced evidence lacked a crucial nexus, i.e., any specific documentation linking Plaintiff's account to those sold from Citibank to Cavalry. While the Bill of Sale and Assignment alludes to "Accounts described in Exhibit 1" and a "final electronic file," no further information was provided beyond. These generic assertions ran failed to establish that Cavalry was the rightful assignee of the debt in question. *See Midland Funding, LLC v. Graves, supra.*

33. On information and belief, Defendants were not in possession of any evidence demonstrating that it was the proper party to bring the JP Claim.

34. On information and belief, Defendants Cavalry, Andrew Whitehead and the Peroutka Law Group were aware, and admitted, that they lacked the necessary evidence to demonstrate assignment, thus had no standing to even initiate the JP Claim.

35. In spite of this knowledge, Defendant Cavalry, by and through its counsel, Defendant Peroutka Law group, still caused the JP Claim to be filed and wrongfully pursued litigation against Plaintiff.

### IV. RESPONDEAT SUPERIOR LIABILITY

36. The acts and omissions of the employees, agents and/or assigns of the Defendants as more further described herein above, were committed within the time and space limits of their agency relationship with their principals. Defendants are therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by their employees, agents or assigns.

### V. CAUSES OF ACTION

**COUNT 1**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692, et *seq.***

37. Plaintiff incorporates her allegations of paragraphs 1 through 36 as though set forth at length herein.

38. Defendants actions as aforestated are materially, false, deceptive and misleading to Plaintiff as follows:

i. Defendants violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person, as they instituted a lawsuit on a debt they were not entitled to sue upon, and reported a Judgment on the credit report of the Plaintiff that Defendants had no right to obtain let alone report, and because Defendants had no intention to oppose Ms. Gallagher's Motion to Vacate default judgment, it was harassment to force her to attend to get one more shot at forcing settlement;

ii. Defendants violated 15 U.S.C. § 1692e by making false, deceptive, or misleading representation or means in connection with the debt collection by representing to the J.P. Court that they had proper assignment of the debt;

iii. Defendants violated 15 U.S.C. § 1692e(2) by providing false or misleading representations in communications about the character, amount, or legal status of the alleged debt because they did not have documentation at the time the lawsuit was instituted, or thereafter;

iv. Defendants violated 15 U.S.C. § 1692f by using any unfair or unconscionable means to collect or attempt to collect the alleged debt, by forcing attendance at the hearing on the Motion to Vacate, and misusing the legal process;

v. Defendants violated 15 U.S.C. § 1692f(1) by attempting to collect any amount not authorized by the agreement creating the debt or permitted by law;

39. As a direct and proximate result of the Defendants' illegal collection efforts, Plaintiff has suffered damages in the form of attorney's fees, missed time from work, costs and expenses.

40. As a direct and proximate result of Defendants' illegal collection efforts and communications, Plaintiff has suffered mental anguish, emotional distress, anger, anxiety, and frustration, fear, embarrassment and humiliation.

41. Plaintiff has been seriously damaged by Defendants' violations of the FDCPA and is entitled to actual damages, compensatory damages, costs and attorneys' fees.

42. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, attorney's fees and costs in accordance with 15 U.S.C. § 1692k.

## COUNT II
## MALICIOUS PROSECUTION

43. Plaintiff incorporates her allegations of paragraphs 1 through 42 as though set forth at length herein.

44. Defendant Cavalry, by and through its counsel, Defendant Peroutka Law Group instituted regular judicial proceedings against Plaintiff, by virtue of filing the JP Claim, the lawsuit giving rise to this matter.

45. Defendants Cavalry and Peroutka Law Group did so, without probable cause (as shown by Cavalry's entry of dismissal with prejudice after an admission of liability) and had no reasonable grounds on which to base a belief that it would prevail on the merits.

46. The JP Claim by Cavalry, Peroutka and the Whitehead Defendants was pursued and instituted with malicious intent as evidence of requiring attendance at an unopposed motion hearing for purposes of forcing settlement, and reporting a judgment which Defendants had no right to obtain.

47. The JP Claim was ultimately terminated in favor of the aggrieved party, Plaintiff Kimberly Gallagher.

48. By virtue of Defendants for willful initiation of a wrongful judicial proceeding against her and thereby inflicting anxiety, fear, and emotional distress, Plaintiff is entitled to actual, nominal, compensatory, expectation, consequential and punitive damages, costs, interest, injunctive relief and such other and further relief as this Court deems just.

## COUNT III
## ABUSE OF PROCESS
### (As to all Defendants)

49. Plaintiff incorporates her allegations of paragraphs 1 through 48 as though set forth at length herein

50. Defendant Cavalry, by and through its counsel, Peroutka and the Whitehead Defendants, filed the JP Claim, a civil suit against Plaintiff,

51. Defendant Cavalry, by and through its counsel, Peroutka and the Whitehead Defendants continued to litigate the JP Claim for an ulterior purpose, even though Defendant knew or should have known that the grounds for which it sought relief had no basis.

52. Defendants willfully and improperly continued to pursue the consumer debt action to coerce Plaintiff to pay for debts allegedly owed and to gain a collateral advantage against Plaintiff by virtue of such coercion.

53. By virtue of Defendants' willful and improper abuses of process against Ms. Gallagher and by the reporting of a judgment on her credit putting her job at risk, the Defendants thereby inflicted anxiety, fear, and emotional distress, and Plaintiff is entitled to actual, nominal, compensatory, expectation, consequential and punitive damages, costs, pre and post judgment interest, injunctive relief and such other and further relief as this Court deems just.

## VI. CLAIMS FOR RELIEF

WHEREFORE, Plaintiff, Kimberly Gallagher, prays that judgment be entered against Defendant, Cavalry, for the following:

(1) Actual damages;

(2) Statutory damages in the amount of $1,000.00;

(3) Reasonable attorney's fees and costs;

(4) Declaratory judgment that the Defendant's conduct violated the FDCPA;

(5) Punitive damages;

(6) Pre and post-judgment interest.

(7) Such other and further relief that the Court deems just and proper.

## COUNT 1

54. Plaintiff incorporates her allegations of paragraphs 1 through 53 though set forth at length herein.

55. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692, et seq.

56. As a result of each of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. §1692k(a)(1);

57. Statutory damages in amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## COUNT 2

58. Plaintiff incorporates her allegations of paragraphs 1 through 57 though set forth at length herein.

59. Plaintiff, as a result of the emotional distress suffered as a result of the FDCPA and malicious prosecution, seeks an award to actual, nominal, compensatory, expectation, consequential and punitive damages, costs, interest, injunctive relief and such other and further relief as this Court deems just.

## COUNT 3

60. Plaintiff incorporates her allegations of paragraphs 1 through 58 though set forth at length herein.

61. Plaintiff, as a result of the emotional distress suffered as a result of Defendants' willful and improper abuses of process against her, seeks actual, nominal, compensatory,

expectation, consequential and punitive damages, costs, interest, injunctive relief and such other and further relief as this Court deems just.

## VII

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. U.S. Const. amend. 7. Fed. R. Civ. P. 38.

> Respectfully submitted,
>
> **LAW OFFICE OF MARY HIGGINS**
>
> BY: /s/Mary Higgins
> Mary Higgins, Esq. (ID #4179)
> Mary Anne McLane Detweiler, Esq. (ID # 3415)
> 200 Continental Drive, Suite 401
> Newark, DE 19713
> (ph) 302-894-4357
> (ph) 302-318-1401
> (fx) 302-318-1301
> mary.higgins@letsbelegal.com
> maryamclane@letsbelegal.com
> Counsel for Kimberly Gallagher

Dated: May 13, 2016